# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **vs.** ) | **Criminal Action No. 10-00222-KD-C** |
| **LEANNE MARIE FOX,** ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the "Defendant's Appeal of Magistrates decision regarding Conditions of Pre-Trial Release" (doc. 146). On January 5, 2011, U.S. Magistrate Judge William E. Cassady endorsed denied the defendant's motion to modify conditions of release as follows:

> The vague and unsupported motion to change the conditions of release is denied, especially when the request is to be able to reside with a co-defendant also convicted of drug-related offenses. The Government's motion to file objections to this motion after the due date is granted. Upon consideration of the objections, they are found to be valid and counsel against the granting of defendant's motion.

(doc. 145).

Rule 59(a) of the Federal Rules of Criminal Procedure governs appeals from a Magistrate Judge's decision on a non-dispositive matter. The Rule sets forth as follows:

> (a) Nondispositive Matters. A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or

1

clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. Rule 59

Rule 59 explains that in this circumstance, Fox must serve and file her objections to the order and then this Court must consider her objections "and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id.  However, Fox's appeal does not state any specific objections.  The appeal consists of one sentence:  "Comes now, John Furman, attorney for defendant, and respectfully appeals the January 5, 2011 decision denying Defendant's Motion to modify Conditions of Release." (doc. 146).   This sentence does not provide the Court with an objection sufficient for the Court to consider whether "any part of the order" was "contrary to law or clearly erroneous".  Accordingly, the appeal is dismissed.

**DONE** this 14th day of January, 2011.

                **s/ Kristi K. DuBose**
                **KRISTI K. DuBOSE**
                **UNITED STATES DISTRICT JUDGE**